Eugene T. Franklin, CA SBN 24881
Barbara F. Green, CA SBN 150320
Franklin Employment Law Group, LLC
Attorneys at Law
22762 Main Street
Hayward, California 94541
(510) 538-0969

Attorneys for Plaintiff
Manuel Ochoa

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Manuel Ochoa,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Apto Solutions, Incorporated, is a Georgia corporation, Darin Parlier, an individual and Does 1-100, Inclusive,<br><br>　　　　Defendants. | Case No.:_____<br><br>**COMPLAINT FOR DAMAGES BASED ON DEFAMATION AND INVASION OF PRIVACY**<br><br>DIVERSITY JURISDICTION<br>28 USC § 1332]<br>CONTROVERSY EXCEEDS $75,000 |

**JURY DEMAND**

Plaintiff Manuel Ochoa (hereinafter "Plaintiff Ochoa" or "plaintiff") demands that this matter be tried by a jury. Plaintiff Ochoa complains and alleges on information and belief except as those matters of which he has personal knowledge as follows:

**NATURE OF THIS ACTION**

1.　　This is a civil action based on claims of defamation (both libel and slander) of plaintiff during and after his employment with defendant Apto Solutions, Incorporated (hereinafter "Defendant Apto"). Defendants Apto and Darin Parlier (hereinafter

1

"Defendant Parlier") published the defamatory material with the intent to injure plaintiff Ochoa. Plaintiff seeks declaratory and injunctive relief, monetary damages, including compensatory, general, and punitive, plus an award of costs and attorneys' fees.

## JURISDICTION AND VENUE

2.  Jurisdiction of the subject matter of this action is established under diversity jurisdiction as defined by 28 U.S.C. § 1332(a)(1), (c)(1). This court is the proper venue under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the judicial district of the court.

## PARTIES

3.  Plaintiff Ochoa is, and at all times mentioned in this complaint was, a California resident residing in Alameda County. Plaintiff is a former employee of defendant Apto.

4.  At all times relevant herein, defendant Apto has been a corporation duly organized under the laws of the State of Georgia. At all times relevant herein, defendant Apto has been doing business in California In Santa Clara County where it has had its California principal place of business at 92 Railroad Avenue, Milpitas, California 95035.

5.  At all times relevant herein, defendant Darin Parlier ("defendant Parlier") has been a resident of the State of Georgia and has been employed as defendant Apto's "Director of Operations." At all times relevant herein, defendant Parlier has been actively involved in defendant Apto's operations in California and specifically in Santa Clara County and made frequent trips to Milpitas to perform his duties as director of operations. At all times relevant herein, defendant Parlier was plaintiff's direct supervisor.

6.  Plaintiff sues fictitiously named defendants Does 1 through 100, inclusive, pursuant to California Code of Civil Procedure, § 474. Plaintiff is informed and believes that DOE defendants are California residents. Plaintiff will amend this Complaint to show the true

**Complaint for Damages Based on Defamation and Invasion of Privacy**

names and capacities when they have been determined. Plaintiff alleges on information and belief that Defendants Does 1 to 50 are responsible in some manner for the acts or omissions herein alleged, and plaintiff's damages, as herein alleged, were and are the direct and proximate result of the actions or omissions of said defendants, and each of them.

7. At all relevant times were, defendants, and each of them, named and Doe defendants, were the agents of one another and acted within the course and scope of said agency. Further, at all times herein mentioned, defendants and each of them encouraged, participated in and/or ratified and approved the conduct complained of herein and the policies and practices giving rise to such conduct.

## FACTS COMMON TO ALL CAUSES OF ACTION

8   Plaintiff Ochoa was employed by defendant Apto from about December 12, 2013, until on or about May 29, 2014, when defendant Apto suspended plaintiff from work. On May 30, 2014, defendant Apto wrongfully terminated plaintiff's employment allegedly for "insubordination," "acting in an aggressive manner with defendant Apto's contractors," "making threats in the workplace" and for "some past incidences" recorded in plaintiff's employee personnel file in regard to aggressive behavior and insubordination to authority."

9. Plaintiff denies the truth each and every allegation of defendant Apto's grounds for the termination of his employment.

10. On or about May 29, 2014, defendant Apto's Director of Operations, defendant Darin Parlier (hereinafter "defendant Parlier") sent an email to the following defendant Apto employees: Emmanuel Cervantes, Patricia Dunwoodie, Theodore Almaraz, Andrey Zherebnenko, Jennifer Richard, Gregory Myers, David Crowder, David Melara, Dennis Sims, Jose Peinado, Eduardo Fernandez and Eli Ramirez disclosing to them the alleged

**Complaint for Damages Based on Defamation and Invasion of Privacy**

1 grounds for termination of plaintiff's employment.  Defendant Parlier announced in his May
2 29, 2014, email to the above-indicated defendant Apto employees that acting on behalf of
3 defendant Apto he had terminated insubordination," "acting in an aggressive manner with
4 defendant Apto's contractors," "making threats in the workplace" and for "some past
5 incidences" recorded in plaintiff's employee personnel file in regard to aggressive behavior
6 and insubordination to authority."

7 11.    Defendants Apto and Parlier's email acknowledges that defendant Parlier reviewed
8 plaintiff's personnel file and defendants and each of them disclosed the content of
9 plaintiff's personnel file to defendant Apto employees.  Plaintiff did not authorize
10 defendants Apto and Parlier to disclose the contents of his personnel record to these Apto
11 employees or any other person.  These Apto employees did not have a need to receive
12 information from plaintiff's personnel file.  One or all of these employees republished the
13 content of plaintiff's personnel record to others.  Plaintiff did not authorize the republishing
14 of his personnel record by these employees.

15 12.    The information that defendant Apto disclosed about plaintiff's personnel record was
16 false.  The information falsely accused plaintiff of being violent in the workplace, having the
17 potential of being violent in the workplace, and/or being insubordinate.  It was foreseeable
18 that republication of these false statements would occur.

19 13.    Defendants and each of them, individually and through their officers, partners,
20 agents employees and subordinates, acting within the course of their employment, caused
21 to be published false and unprivileged communications tending to directly injure plaintiff
22 Ochoa and his business and professional reputation.

23 / / /

24

25

26

**Complaint for Damages Based on Defamation and Invasion of Privacy**

1  14.     Defendants and each of them made the aforementioned communications
2  deliberately and intentionally and defendants and each of them communicated false and
3  damaging statements about plaintiff.
4  15.     In publishing these false statements, defendants knew that these allegations would
5  seriously damage plaintiff's professional reputation and his ability to earn a living.
6  16.     Defendants and each of them failed to use reasonable care to determine the truth
7  or falsity of the statements before they published the false information.
8  17.     Each of these publications by defendants and each of them were made with
9  knowledge that no investigation supported the unsubstantiated an obviously false
10 statements.  Defendants published these statements knowing them to be false and/or
11 unsubstantiated by any reasonable investigation.
12 18.     These publications were known by defendants and each of them to be negligent to
13 such a degree as to be reckless.  In fact, not only did defendants and each of them have
14 no reasonable basis to believe these statements, but they also had no belief in the truth
15 of these statements, and in fact knew the statements to be false.  Defendants and each
16 of them excessively, negligently and recklessly published these false statements to
17 individuals with no need to know, and who made no inquiry and/or who had a mere general
18 or idle curiosity of this information.
19 19.     These publications were outrageous, negligent, reckless, intentional and maliciously
20 published and republished by defendants, and each of them and continue to be,
21 foreseeably published and republished by defendants, their agents, employees and
22 recipients in the community.  Those third persons to whom these defendants published this
23 false statements about plaintiff are believed to include, but are not limited to, other agents
24 and employees of defendants, and each of them, and to the community, all of whom are
25
26

**Complaint for Damages Based on Defamation and Invasion of Privacy**

known to defendants, and each of them, but unknown at this time to plaintiff.

20. On or about June 1, 2014, Plaintiff learned of the unauthorized disclosure of his personnel record and the falsity of the information. Plaintiff was hurt, sickened, embarrassed, humiliated, angry, offended distressed by the unauthorized disclosures.

21. The disclosures of plaintiff's personnel record unreasonably intruded on the private affairs of plaintiff. The intrusion into plaintiff's private affairs was substantial, and of a kind that would be highly offensive to an ordinary, reasonable person. Plaintiff had a reasonable basis to believe that his personnel record would be kept confidential by defendants.

22. As a proximate result of the acts and/or omissions of defendants and each of them, plaintiff has suffered injury to his profession and/or occupation and has suffered and continues to suffer a loss of earnings, earning capacity, other benefits and opportunities.

23. As a result of the aforesaid acts and/or omissions of defendants, and each of them, plaintiff has become mentally and emotionally upset, distressed, aggravated, and has suffered anguish, grief, insomnia, humiliation, anxiety, personal injury and continues to suffer emotional distress, mental anguish, embarrassment, humiliation and anxiety all to his damage in an amount in excess of the minimum jurisdiction of this Court.

24. Defendants and each of them did the acts herein alleged maliciously, fraudulently and oppressively, amount to despicable conduct, and in conscious disregard to plaintiff's rights. The acts alleged herein were known to, authorized and ratified by defendants and each of them. Plaintiff is thus entitled to recover punitive damages from defendants, and each of them, in an amount according to proof.

/ / /

**Complaint for Damages Based on Defamation and Invasion of Privacy**

# FIRST CAUSE OF ACTION
### (California Constitution, Article I, § 1)
### (Invasion of Privacy As to All Defendants)

25. Plaintiff hereby incorporates by reference the above paragraphs of this complaint as if fully set forth herein.

26. In perpetrating the above-described acts or omissions, defendants, and each of them, violated plaintiff's constitutional right to privacy under the California Constitution Article I, section 1 which provides an explicit right of privacy to its citizens that operates against private and governmental entities and extends to a person's personnel record.

27. Under the circumstances as alleged herein, plaintiff had a reasonable expectation of privacy that the information in his personnel file would not be disseminated, copied, and/or misused.

28. Defendant Apto is responsible for the conduct of its employee, defendant Parlier and the Doe defendants because their unauthorized disclosure of plaintiff's personnel record was committed in the course and scope of defendants' employment, in their official capacities as employee and supervisor. (See California Labor Code § 2802 which requires employers to indemnify their employees who commit wrongs during the course and scope of their employment.)

29. As a proximate result of defendants' acts and/or omissions, plaintiff has suffered general, special and consequential damages in a sum according to proof, but which amount exceeds the jurisdictional minimum of this Court, with interest thereon at the maximum legal rate from and after May 29, 2014.

///

**Complaint for Damages Based on Defamation and Invasion of Privacy**

**SECOND CAUSE OF ACTION**
**(As to All Defendants)**
**(Defamation - Slander)**

30.   Plaintiff hereby incorporates by reference the above paragraphs of this complaint as if fully set forth herein.

31.   As above described, defendants' conduct was slanderous per se because their disclosure of false statements about plaintiff tended to injure plaintiff in his professional by imputing that he is a person prone to violence in the workplace.  (See Cal. Civil Code § 46.)

32.   Plaintiff hereby seeks damages as above-described for the publications of these slanderous statements and all foreseeable republications discovered up to the time of trial. Plaintiff also will seek redress for all foreseeable republications, including his own compelled self-publication of these defamatory statements.

**THIRD CAUSE OF ACTION**
**(As to Defendants Apto and Parlier)**
**(Libel)**

33.   Plaintiff hereby incorporates by reference the above paragraphs of this complaint as if fully set forth herein.

34.   As above described, defendants' conduct was libelous because false and unprivileged publication by writing, printing or other fixed representation which exposed plaintiff to hatred, contempt, ridicule, obloquy or which caused him to be shunned or avoided or has had a tendency to injure him in his occupation. (See Cal. Civil Code § 45.)

35.   Plaintiff hereby seeks damages as above-described for the publications of these libelous writings or other fixed representations and all foreseeable republications discovered up to the time of trial. Plaintiff also will seek redress for all foreseeable republications, including his own compelled self-publication of these defamatory statements.

**Complaint for Damages Based on Defamation and Invasion of Privacy**

### THIRD CAUSE OF ACTION
### (As To All Defendants)
### (Intentional Infliction of Emotional Distress)

36. Plaintiff hereby incorporates by reference the above paragraphs of this complaint as if fully set forth herein.

37. Defendants and each of them acting on their own and through agents and employees, engaged in the acts heretofore described deliberately and intentionally to inflict emotional distress in plaintiff; alternatively, plaintiff alleges that such conduct was done in reckless disregard of the probability of said conduct causing her emotional distress.

38. Plaintiff hereby seeks damages as above-described for defendants' intentional infliction of emotional distress as above-described.

### FOURTH CAUSE OF ACTION
### (As To All Defendants
### (Negligent Infliction of Emotional Distress)

39. Plaintiff hereby incorporates by reference the above paragraphs of this complaint as if fully set forth herein.

40. Defendants were negligent in their conduct, as described herein. Defendants and each of them knew or should have known that the conduct described above would likely cause plaintiff to suffer emotional distress.

41. Plaintiff hereby seeks damages as above-described for defendants' negligent infliction of emotional distress as above-described.

### FIFTH CAUSE OF ACTION
### (As to All Defendants)

42. Plaintiff is entitled to recover punitive damages from defendants and each of them in an amount according to proof because the acts alleged above were carried out by defendant Apto, its management employees and others acting in a despicable, deliberate,

Complaint for Damages Based on Defamation and Invasion of Privacy

cold, callous and intentional manner in order to injure and damage plaintiff

**WHEREFORE,** Plaintiff prays for judgment against defendant as follows:

- a. For general damages for defamation, invasion of privacy and emotional distress according to proof at trial;
- b. For compensatory damages according to proof, including lost earnings and other employee benefits, damages for defamation and invasion of privacy;
- c. For damages for intentional and negligent infliction of emotional distress;
- d. For interest on the amount of losses incurred in earnings and other employee benefits at the prevailing legal rate;
- e. For punitive damages in an amount appropriate to punish defendant for its wrongful conduct and to set an example for others;
- f. For Attorneys' Fees and costs of suit incurred herein; and
- g. For such other and further relief as the court deems proper.

Dated: July 28, 2014        FRANKLIN EMPLOYMENT LAW GROUP, LLC

/s/

By: _____
EUGENE T. FRANKLIN
Attorneys for Plaintiff

Complaint for Damages Based on Defamation and Invasion of Privacy